**THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TRUSTEES OF THE SEIU LOCAL 1 & PARTICIPATING EMPLOYERS HEALTH TRUST, and TRUSTEES OF THE SEIU LOCAL 1 & PARTICIPATING EMPLOYERS PENSION TRUST, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 25-cv-11520 |
| v. | ) ) | |
| FACT FINDERS GROUP, INC., | ) ) | |
| Defendant. | ) | |

**INITIAL STATUS REPORT**

NOW COME Plaintiffs, TRUSTEES OF THE SEIU LOCAL 1 & PARTICIPATING EMPLOYERS HEALTH TRUST and TRUSTEES OF THE SEIU LOCAL 1 & PARTICIPATING EMPLOYERS PENSION TRUST, by and through their undersigned attorneys, and provides this Court with an initial status report as follows:

1. **The Nature of the Case**

    a. **Attorneys of Record**

        i. **For Plaintiffs:**

            Catherine K. Humphrey
            Matthew J. Pierce (Lead Trial Attorney)
            Asher, Gittler & D'Alba, Ltd.
            200 W. Jackson Blvd., Suite 720
            Chicago, IL 60606
            (312) 263-1500
            ckh@ulaw.com; mjp@ulaw.com

        ii. **For Defendant:**

            No appearance has been filed.

1

### b. Basis for Federal Jurisdiction

Federal-question jurisdiction exists under 29 U.S.C. §§ 1132(a)(3), 1132(g)(2), and 1145 (ERISA) and 29 U.S.C. § 185 (LMRA). The Funds are administered in Chicago, Illinois, and the alleged delinquencies arose in this District

### c. Nature of the Claims

Plaintiffs, TRUSTEES OF THE SEIU LOCAL 1 & PARTICIPATING EMPLOYERS HEALTH TRUST and TRUSTEES OF THE SEIU LOCAL 1 & PARTICIPATING EMPLOYERS PENSION TRUST ("the Funds") are multiemployer employee welfare benefit plans as defined under Section 3(2) of ERISA, 29 U.S.C. Sec. 1002(2). Defendant, FACT FINDERS GROUP, INC. ("Fact Finders" or "Defendant") is delinquent for monthly contributions to the Fund. Plaintiffs bring this action under ERISA § 515 to recover delinquent fringe-benefit contributions, liquidated damages, interest, audit fees, attorneys' fees, and costs owed by Defendant pursuant to its collective-bargaining and trust-agreement obligations

### d. Major Legal and Factual Issues

Defendant was a party to one or more collective bargaining agreements ("CBAs") with one or more locals of the Service Employees International Union ("SEIU" or "Union"), which CBA(s) required contributions to the Funds. Defendant failed to make those contributions in full. Defendant agreed to be bound by the CBAs referred to herein, by the terms of which Defendant was required to contribute to the Fund. As such, employer has an obligation to submit reports and monthly contributions for its members. Defendant employer has failed to do so. The major legal and factual issues are whether Defendant failed to pay all contributions it was obligated to pay to the Fund, and if so, the amount that Defendant owes each Fund

At this stage, because Defendant has not appeared or answered, no factual or legal issues have been joined.

### e. Relief Sought

Plaintiffs seek judgment in the amount of $203,805.63, plus additional contributions, interest, liquidated damages, audit fees, attorneys' fees, and costs accruing during the pendency of the action.

## 2. Pending Motions and Case Plan

### a. Pending Motions

None. Defendant has not appeared or responded.

### b. Proposed Discovery Plan

Because Defendant has not appeared, discovery has not commenced. Plaintiffs intend to move for entry of default judgment if no appearance or responsive pleading is filed.

If Defendant later appears, Plaintiffs propose:

     i.    Discovery would be needed on the allegations of the Complaint. This would include subjects including, but not limited to, business records, invoices, customer lists, employee lists, bank records, organizational charts, insurance policies, articles of organization, and tax records.

     ii.    Rule 26(a)(1) disclosures: within 21 days of Defendant's appearance.

     iii.    Written discovery: within 30 days thereafter.

     iv.    Fact discovery completion: within 120 days of Defendant's appearance.

     v.    Expert discovery: not anticipated at this time.

     vi.    Dispositive motions: 30 days after the close of discovery.

**c. Trial**

No jury demand has been made. Plaintiffs request a bench trial if necessary. Anticipated length of approximately one to three days.

**3. Pending Motions and Case Plan**

Because Defendant has not appeared, the parties cannot yet unanimously consent.

**4. Status of Settlement Discussions**

    a.   Settlement Discussions: None to date.

    b.   Status: Defendant has not responded to service or communications.

    c.   Settlement Conference: Not requested at this time. Plaintiff remains open to settlement discussions and ADR procedures.

Respectfully submitted,

By:   */s/ Catherine Humphrey*

One of Plaintiffs' Attorneys

Catherine Humphrey
IL ARDC#: 6345610
Matthew J. Pierce
IL ARDC#: 6326448
Asher, Gittler & D'Alba, Ltd.
200 West Jackson Boulevard, Suite 720
Chicago, Illinois 60606

Phone: (312) 263-1500
ckh@ulaw.com
mjp@ulaw.com

Dated: October 22, 2025