**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TRUSTEES OF THE SEIU LOCAL 1 & PARTICIPATING EMPLOYERS HEALTH TRUST, and TRUSTEES OF THE SEIU LOCAL 1 & PARTICIPATING EMPLOYERS PENSION TRUST, | )<br>)<br>)<br>)<br>)<br>) Case No.: 25 C 11520 |
| Plaintiffs, | ) Honorable Edmond E. Chang |
| v. | ) Magistrate Judge Fuentes |
| FACT FINDERS GROUP, INC., | ) |
| Defendant. | ) |

**DEFENDANT'S UNOPPOSED MOTION TO VACATE DEFAULT ORDER
AND FOR LEAVE TO FILE ANSWER TO PLAINTIFFS' COMPLAINT**

NOW COMES Defendant FACT FINDERS GROUP, INC., ("FACT FINDERS GROUP") by and through its undersigned Counsel, Allocco, Miller & Cahill, P.C., and pursuant to Fed.R.Civ.P. Rule 55(c), hereby moves this Honorable Court to vacate the Default Order entered on October 24, 2025 (Dkt. No. 6), and for leave to file its Answer to Plaintiffs' Complaint within seven (7) days. In support of this unopposed motion, Defendant states as follows:

1. On September 23, 2025, Plaintiffs TRUSTEES OF THE SEIU LOCAL 1 & PARTICIPATING EMPLOYERS HEALTH TRUST and TRUSTEES OF THE SEIU LOCAL 1 & PARTICIPATING EMPLOYERS PENSION TRUST, (collectively referred to as "Plaintiffs") filed their Complaint against Defendant under Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and (2) and 1145 and Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185. (Dkt. No. 1).

2. Specifically, Plaintiffs allege Defendant FACT FINDERS GROUP violated the terms of the collective bargaining agreement to which it is bound by: a) failing to sumbit accurate contribution reports and the required payments due thereon to the Plaintiffs; and b) failing to pay contributions pursuant to a compliance audit. Plaintiffs also seek liquidated damages, interest, and their reasonable attorneys' fees and audit costs. (Dkt. No. 1).

3. On October 3, 2025, Defendant FACT FINDERS GROUP was served with Plaintiffs' Complaint. (Dkt. No. 10).

4. On October 24, 2025, this Court entered an order stating: "The response to the complaint is due on 10/24/2025. If the defendant does not respond on time, the defendant will be declared in default, and the plaintiffs shall file a motion for default judgment in a sum certain by 11/07/2025." (Dkt. No. 12.)

5. On October 30, 2025, Defendant retained the undersigned Counsel to represent it in this matter and on October 31, 2025 Todd A. Miller and Kathleen M. Cahill of Allocco, Miller & Cahill, P.C. filed their Appearances on behalf of Defendant. (Dkt. Nos.13, 14).

6. Federal Rule of Civil Procedure 55(c) provides that "for good cause shown, the court may set aside an entry of default..." Fed.R.Civ.P. 55(c). "In order to vacate an entry of default the moving party must show: (1) good cause for default (2) quick action to correct it and (3) meritorious defense to plaintiffs complaint." *Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.,* 28 F.3d 42, 45 (7th Cir. 1994).

7. Good cause exists to vacate the entry of default because Defendant FACT FINDERS GROUP has paid a portion of the amounts alleged to be due to Plaintiffs and disputes the remaining amounts claimed in the Complaint. Moreover, Defendant has been in communication with Plaintiffs in an effort to resolve this matter informally. Although the parties engaged in settlement discussions, they were ultimately unsuccessful. Following the breakdown

of those negotiations, Defendant promptly retained counsel and filed this motion slightly more than one week after the entry of default.

8. Defendant also has meritorious defenses to Plaintiffs' claims, including, inter alia, that: (1) Defendant FACT FINDERS GROUP has submitted and paid the outstanding contribution reports and related payments for April and May 2025, which Plaintiffs allege are due in their Complaint; (2) Defendant disputes the amounts claimed by Plaintiffs because additional payments have been made since the filing of the lawsuit; and (3) Plaintiffs have failed to provide detailed billing records substantiating the reasonableness of their claimed attorneys' and auditor's fees. *See Trs. of the Chi. Plastering Inst. Pension Tr. v. Cork Plastering Co.*, 570 F.3d 890, 903–04 (7th Cir. 2009).

9. The test for setting aside a default is more liberally applied when dealing with an entry of default prior to entry of default judgment. *See Pretzel,* 28 F.3d at 44-45 (citations omitted). Moreover, there exists a strong public policy that favors the resolution of disputes on the merits. *See, e.g., Passarella v. Hilton Int'l Co.,* 810 F.2d 674, 675 (7th Cir. 1987) (citations omitted).

10. No judgment for default has been entered in this case.

11. No prejudice shall result from granting this motion because Plaintiffs' counsel, Catherine Humphrey, has indicated Plaintiffs have no objection to the requested relief.

12. For all of the foregoing reasons, Defendant respectfully request that this Court vacate the Default Order dated October 24, 2025, and grant Defendant leave to file its Answer to Plaintiffs' Complaint within seven (7) days.

WHEREFORE, Defendant FACT FINDERS GROUP, INC. respectfully requests this Court vacate the Default Order entered on October 24, 2025, and grant Defendant leave to file its

Answer to Plaintiffs' Complaint within seven (7) days, and for such other relief the Court deems just and reasonable under the circumstances.

Dated: November 3, 2025

          Respectfully submitted,

          **FACT FINDERS GROUP, INC.**

          By: /s/ Kathleen M. Cahill
          One of Defendant's Attorneys

Todd A. Miller (#6216561)
Kathleen M. Cahill (#6269486)
ALLOCCO, MILLER & CAHILL, P.C.
20 N. Wacker Drive, Suite 3517
Chicago, Illinois 60606
(312) 675-4325 TEL
(312) 675-4326 FAX
tam@alloccomiller.com
kmc@alloccomiller.com

**CERTIFICATE OF SERVICE**

The undersigned, an attorney of record, hereby certifies that she electronically filed the attached, *Defendant's Unopposed Motion to Vacate Default Order and for Leave to File Answer to Plaintiffs' Complaint,* with the Clerk of the Court using the CM/ECF system on or before the hour of 5:00 p.m. this 3rd day of November 2025, which will send notice of such filings to the following:

>Catherine K. Humphrey
>Matthew J. Pierce
>Asher, Gittler & D'Alba, Ltd.
>200 W. Jackson Blvd., Suite 720
>Chicago, IL 60606
>(312) 263-1500
>ckh@ulaw.com; mjp@ulaw.com

>/s/ Kathleen M. Cahill

Todd A. Miller (ARDC #6216561)
Kathleen M. Cahill (ARDC #6269486)
ALLOCCO, MILLER & CAHILL, P.C.
*Counsel for Defendant*
20 N. Wacker Drive, Suite 3517
Chicago, Illinois 60606-2806
(312) 675-4325 TEL
(312) 675-4326 FAX
kmc@alloccomiller.com