THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE SEIU LOCAL 1 & PARTICIPATING EMPLOYERS HEALTH TRUST, and TRUSTEES OF THE SEIU LOCAL 1 & PARTICIPATING EMPLOYERS PENSION TRUST, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:25-cv-11520 |
| v. | ) ) | Hon. Edmond E. Chang |
| FACT FINDERS GROUP, INC., | ) ) ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT**

Now comes Defendant, FACT FINDERS GROUP, INC., by and through its Counsel, ALLOCCO, MILLER AND CAHILL, P.C., for its response to the Plaintiffs' Complaint. Defendant states as follows:

1. This action is brought under the provisions of Sections 502(g)(2), 502(a)(3), and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(g)(2), 1132(a)(3), and 1145 to collect delinquent contributions and related sums Defendant is obliged to contribute to Plaintiffs pursuant to applicable collective bargaining agreements and plan documents.

**ANSWER:** Defendant admits the allegations in Paragraph 1.

1

## JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper under federal question jurisdiction, as provided for in 28 U.S.C. § 1331, which states "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

**ANSWER:** Defendant admits the allegations in Paragraph 2.

3. Jurisdiction in this Court is also based upon Sections 502(e)(1) and 502(e)(2) of ERISA, 29 U.S.C. §§ 1132(e)(1) and 1132(e)(2), which state in relevant part:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

**ANSWER:** Defendant admits the allegations in Paragraph 3.

4. This Court also has jurisdiction pursuant to section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, as this is an action for a violation of a collective bargaining agreement between an employer and a labor organization.

**ANSWER:** Defendant admits the allegations in Paragraph 4.

5. Venue is proper in this District because Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), allows a suit to "be brought in the district where the plan is administered," and the Funds are maintained and administered at their offices at 200 East Randolph Street, Suite 1500, Chicago, IL 60601, which is located in the Northern District of Illinois.

**ANSWER:** Defendant admits the allegations in Paragraph 5.

## PARTIES

6. Plaintiffs, TRUSTEES OF THE SEIU LOCAL 1 & PARTICIPATING EMPLOYERS HEALTH TRUST (the "Health Fund") and TRUSTEES OF THE SEIU LOCAL 1 & PARTICIPATING EMPLOYERS PENSION TRUST (the "Pension Fund") (collectively, the

"Funds"), are Trustees of a multiemployer employee benefit plan, as defined under Section 3(3) of ERISA, 29 U.S.C. § 1002(3).

**ANSWER:** Defendant admits the allegations in Paragraph 6.

7. The Plaintiffs-Trustees are fiduciaries of the Funds within the meaning of 29 U.S.C. § 1132(e)(1).

**ANSWER:** Defendant admits the allegations in Paragraph 7.

8. The Funds are Taft-Hartley Funds, which are administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA, and other applicable federal laws.

**ANSWER:** Defendant admits the allegations in Paragraph 8.

9. The Funds receive contributions from numerous employers, including Defendant, pursuant to collective bargaining agreements ("CBAs") heretofore entered into between the Service Employees International Union, Local 1 (the "Union") and those employers. The Funds are maintained and administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA and other applicable federal laws, and the provisions of certain Restated Agreements and Declarations of Trust ("Trust Agreements").

**ANSWER:** Defendant admits the allegations in Paragraph 9.

10. The Funds' offices are located at 200 East Randolph Street, Suite 1500, Chicago, IL 60601, and the Funds are administered in the Northern District of Illinois.

**ANSWER:** Defendant admits the allegations in Paragraph 10.

11. As provided in the Trust Agreements, the Trustees of the Funds and their designees are required to receive, hold, and manage all monies required to be contributed to the Funds in

accordance with the provisions of the then-applicable CBAs for the uses and purposes set forth in the Trust Agreements.

**ANSWER:** Defendant admits the allegations in Paragraph 11.

12. Defendant is an employer incorporated in the State of Illinois

**ANSWER:** Defendant admits the allegations in Paragraph 12.

13. Defendant is an investigative services company that is engaged in an industry affecting commerce and has conducted business within the State of Illinois during the relevant period.

**ANSWER:** Defendant admits the allegations in Paragraph 13.

14. Defendant maintains its principal place of business at 4747 Lincoln Mall Dr., Suite 300, Matteson, IL 60443.

**ANSWER:** Defendant admits the allegations in Paragraph 14.

15. Defendant employs or has employed persons represented for collective bargaining purposes by the Union and agreed to be bound by the relevant CBAs, and the Trust Agreements incorporated therein, by the terms of which Defendant was required to contribute to the Funds.

**ANSWER:** Defendant admits the allegations in Paragraph 15.

## COUNT 1 – DELINQUENT CONTRIBUTIONS UNDER ERISA

16. Plaintiffs incorporate and reallege paragraphs 1-15 as if fully stated herein.

**ANSWER:** Defendant restates and incorporates its answers to Paragraphs 1-15 as if fully stated herein.

17. Section 515 of ERISA requires an employer to make contributions to a multiemployer plan pursuant to the terms of the plan or under the terms of a collectively bargained agreement. 29 U.S.C. § 1145.

**ANSWER:** Defendant admits the allegations in Paragraph 17.

18. Section 502(a)(3) of ERISA provides that a fiduciary may enforce the provisions of ERISA and the terms of a plan through a civil action. 29 U.S.C. § 1132(a)(3).

**ANSWER:** Defendant admits the allegations in Paragraph 18.

19. Section 502(g)(2) of ERISA provides that a fiduciary bringing suit to recover delinquent contributions under Section 515 shall recover the unpaid contributions as well as interest thereupon, liquidated damages, attorney's fees and costs, and other appropriate legal and equitable relief. 29 U.S.C. § 1132(g)(2).

**ANSWER:** Defendant admits the allegations in Paragraph 19.

20. Defendant has repeatedly failed to submit accurate contribution reports and the required payments thereon to the Funds pursuant to the terms of the Collective Bargaining Agreements by which Defendant was bound, all in violation of its contractual obligations and its obligations under applicable federal law.

**ANSWER:** Defendant denies the allegations in Paragraph 20.

21. Pursuant to the terms of the relevant CBAs and Trust Agreements, an audit was conducted by the Funds, through their auditor, of Defendant's payroll records for the months of January 1, 2023 through December 31, 2024. This audit found that Defendant failed to pay the full amount of contributions owed to the Funds for the months of April and May 2025.

**ANSWER:** Defendant denies the allegations in Paragraph 21.

22. As of the date of this filing, Defendant is delinquent to the Health Fund in the amount of ONE HUNDRED SEVENTY-NINE THOUSAND SIX HUNDRED SIXTY-SEVEN AND 97/100 DOLLARS ($179,667.97), comprising delinquent contributions, interest and

liquidated damages, and audit fees, as provided for in the CBA and Trust Agreement. Interest continues to accrue.

 **ANSWER:** Defendant denies the allegations in Paragraph 22.

 23. As of the date of this filing, Defendant is delinquent to the Pension Fund in the amount of TWENTY-FOUR THOUSAND ONE HUNDRED THIRTY-SEVEN AND 67/100 DOLLARS ($24,137.67), comprising delinquent contributions, interest and liquidated damages, and audit fees, as provided for in the CBA and Trust Agreement. Interest continues to accrue.

 **ANSWER:** Defendant denies the allegations in Paragraph 23.

 24. As of the date of this filing, the total of all amounts owed by Defendant to both Funds is TWO HUNDERED AND THREE THOUSAND EIGHT HUNDRED AND FIVE AND 63/100 DOLLARS ($203,805.63).

 **ANSWER:** Defendant denies the allegations in Paragraph 24.

 25. As a result of the above-described omissions and breaches of agreement by Defendant, the Funds may be required (a) to deny the employee beneficiaries for whom contributions have not been made the benefits provided under the benefit plan, thereby causing to such employee beneficiaries substantial and irreparable damage, or (b) to provide to employees of the Defendant the benefits provided under the benefit plans, notwithstanding Defendant's failure to make the required contributions thereto, thereby reducing the corpus of such Funds and endangering the rights of the employee beneficiaries on whose behalf contributions are being made, all to their substantial and irreparable injury.

 **ANSWER:** Defendant denies the allegations in Paragraph 25.

26. The Funds, on their behalf, and on behalf of all employees for whose benefits the Funds were established, have requested that Defendant perform its obligations, but Defendant has refused and failed to perform as herein alleged.

**ANSWER:** Defendant denies the allegations in Paragraph 26.

27. The Funds are without an adequate remedy at law and will suffer immediate, continuing, and irreconcilable injury and damage unless Defendant is ordered to specifically perform all of its obligations required under the CBAs and the Trust Agreements and is restrained from continuing to refuse to perform as required.

**ANSWER:** Defendant denies the allegations in Paragraph 27.

28. Defendant's failure to pay contributions owed is a violation of the CBAs and the Trust Agreements. The Funds, therefore, seek enforcement of these provisions pursuant to Sections 502(g)(2), 502(a)(3), and 515 of ERISA, 29 U.S.C. §§ 1132(g)(2), 1132(a)(3), and 1145, and Section 301(a) of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. § 185(a).

**ANSWER:** Defendant denies the allegations in Paragraph 28.

Respectfully submitted,

FACT FINDERS GROUP, INC.

By: /s/ Todd A. Miller

Attorneys for the Defendant:

Todd A. Miller (tam@alloccomiller.com)
Kathleen M. Cahill (kmc@alloccomiller.com)
Allocco, Miller & Cahill, P.C.
20 N. Wacker Drive, Suite 3517
Chicago, IL 60606
Ph: (312) 675-4325
Fx: (312) 675-4326

**CERTIFICATE OF SERVICE**

The undersigned, an attorney of record, hereby certifies that he electronically filed the attached, *Defendant's Answer to Plaintiffs' Complaint*, with the Clerk of the Court using the CM/ECF system on this 12th day of November 2025, which will send notice of such filings to the following:

Catherine Humphrey
Asher, Gittler & D'Alba, Ltd.
200 West Jackson Boulevard, Suite 700
Chicago, IL 60606
ckh@ulaw.com


/s/ Todd A. Miller


Attorneys for the Defendant:

Todd A. Miller (tam@alloccomiller.com)
Kathleen M. Cahill (kmc@alloccomiller.com)
Allocco, Miller & Cahill, P.C.
20 N. Wacker Drive, Suite 3517
Chicago, IL 60606
Ph: (312) 675-4325
Fx: (312) 675-4326